UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MATTHEW TOWNSEND<br><br>     Plaintiff,<br><br>          v.<br><br>TRACY BASTERRECHEA,<br>SHANNON TAYLOR and JOHN DOES<br>I – X,<br>                    Defendants. | Case No. 1:16-cv-151-BLW<br><br>**MEMORANDUM DECISION** |

## INTRODUCTION

The Court has before it a motion for summary judgment filed by defendants.  The motion was argued on January 10, 2017, and the Court took the motion under advisement.  For the reasons explained below, the Court will grant the motion.

## BACKGROUND FACTS

Plaintiff Matthew Townsend was arrested on January 30, 2015, by Meridian City Police Officer Richard Brockbank for obstructing an officer.  A pretrial hearing was set in Townsend's case for March 19, 2015.  One day before that pretrial hearing, Townsend wrote and posted a message on his Facebook page.  In that message, Townsend wrote:

> Tomorrow, I go to pretrial at the Ada County Courthouse to claim that my charge of "resisting or obstructing" a supposed jaywalking investigation after Meridian Police Department – Idaho officer RICHARD BROCKBANK refused to charge me after I demanded that he charge me for the "crime" that he supposedly stopped me for, is terroristic in nature and in other ways unconstitutional and criminal.  The cop refused to charge me for said "crime" that he was accusing me of and so I walked away … and was soon after

kidnapped and hauled away by several costumed State goons for my disrespect of officer Brockbank's harassment towards me.

I'm hoping that the REAL reason I was harassed to begin with will be released by the State rather than I … we shall see.

If my case isn't dismissed tomorrow upon my request, I will begin a non-violent and legal shame campaign that will be remembered. HOA "upsets", protests in the aggressors neighborhood (I know where you all live - this is notification of knowledge and future protests, not a threat), mailers, door hangers, online ads, local and (hopefully) national media - I've done it before and I can do it again as well as other peaceful, but … annoying avenues will commence.

The State has 3 options:

1. Drop the charges and leave me alone
2. Endure my non-violent retaliation (do you want to be the focus of my rage?)
3. Kill me and deal with those that know, love and care about me.

Make your choice.

#LiveFree#ThisisBoise

*See Exhibit B (Dkt. No. 11-7).* Along with this post, Townsend included a link to the

Meridian Police Department Facebook page. He also linked the post to the individual

Facebook pages of four relatives of Officer Brockbank: His mother, sister, son and

daughter-in-law.

Meridian City Police Deputy Chief Basterrechea, assigned Meridian Police Officer

Shannon Taylor to investigate the post. Officer Taylor reviewed the statement and

prepared a report, which ended by requesting that an arrest warrant be issued against

Townsend for intimidating or harassing a witness.

Officer Taylor's report was given to a county prosecutor who then drafted a felony

complaint against Townsend for violating Idaho Code § 18-2604, which prohibits witness

intimidation. Officer Brockbank was the principal witness to the original charge of

**Memorandum Decision – page 2**

obstructing an officer, and Townsend posted his message a day before his pretrial hearing on that charge.

The prosecutor requested an arrest warrant, and an independent magistrate found probable cause. Townsend was arrested on March 20, 2015, by deputies from the Ada County Sheriff's Office acting upon the warrant.

A contested Preliminary Hearing was held on the witness intimidation charge on April 15, 2015.  The prosecution put on testimony from Officer Brockbank, Deputy Chief Basterrechea and Officer Taylor.  Townsend's attorney cross-examined each of the State's witnesses, and then argued to the court that probable cause was not established because Townsend had no intent to intimidate Officer Brockbank and was merely protesting police conduct through speech protected by the First Amendment.  The state court judge disagreed, finding Townsend's Facebook post

> goes beyond . . . simply . . . making a statement . . . to voice your opinion about what the officer did; it goes to a very personal level with you making threats on-line to an officer and then tagging his family to make sure that the message was received.

*See Transcript of Preliminary Hearing (Dkt. No. 11-9)* at pg. 52.  Based on this analysis, the state court found probable charge to commit Townsend to the district court for violating Idaho Code § 18-2604(3), the witness intimidation charge.  Eventually that charge was dismissed as part of a plea agreement where Townsend agreed to plead guilty to the original obstructing-an-officer charge.

Townsend then brought this § 1983 action, alleging that his free speech rights were violated by (1) Deputy Chief of Police Basterrechea, and (2) Officer Shannon

Taylor.  The defendants responded by filing a motion for summary judgment arguing that the First Amendment does not protect Townsend and that the officers are entitled to qualified immunity.

## LEGAL STANDARDS

The doctrine of qualified immunity "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  Qualified immunity gives government officials "breathing room to make reasonable but mistaken judgments about open legal questions. When properly applied, it protects all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. al–Kidd*, 563 U.S. 731, 743 (2011).

In determining whether an officer is entitled to qualified immunity, the Court must determine (1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct.  *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir. 2014).  Consequently, at summary judgment, an officer may be denied qualified immunity in a Section 1983 action "only if (1) the facts alleged, taken in the light most favorable to the party asserting injury, show that the officer's conduct violated a constitutional right, and (2) the right at issue was clearly established at the time of the incident such that a reasonable officer would have understood his or her conduct to be unlawful in that situation."  *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

**Memorandum Decision – page 4**

## ANALYSIS

The first inquiry is whether Officer Taylor and Chief Deputy Basterrechea violated Townsend's First Amendment rights by providing support for the witness intimidation charges brought against Townsend under Idaho Code § 18-2604(3).  That statute makes it a felony for any person to "willfully" intimidate or harass a witness "by any manner."  Townsend was charged based entirely on his Facebook post – that is, he was charged for the content of his speech.  Content-based regulations are presumptively invalid under the First Amendment.  *R.A.V. v. City of St. Paul, Minn.,* 505 U.S. 377, 382 (1992).  Nevertheless, a true threat – that is, "an expression of an intention to inflict evil, injury, or damage on another" – is not protected speech.  *Planned Parenthood v. American Coalition,* 290 F.3d 1058, 1075 (9th Cir. 2002).  Neither is speech "integral to criminal conduct."  *U.S. v. Alvarez,* 132 S.Ct. 2537 (2012).

On its face, Townsend's post would send mixed signals to any reasonable police officer.  In parts of the post, Townsend professes to wage a "peaceful" and "non-violent" "legal shame campaign" that will feature "door hangers, online ads, and . . . national media."  But in other parts of the post he is shrill ("do you want to be the focus of my rage"), confrontational ("[k]ill me"), targeting (his protest is directed against the primary witness in his criminal case and that witness's family, not against the prosecutor or any State entity) and vengeful (tagging Officer's Brockbank's mother, sister, son & daughter-in-law and stating "I know where you all live").  A reasonable officer could easily conclude that Townsend intended to instill fear in Officer Brockbank to silence his testimony in violation of Idaho Code § 18-2604(3).

**Memorandum Decision – page 5**

But in this summary judgment proceeding, the Court must construe the evidence in a light most favorable to Townsend.  *Barnard v. Theobald,* 721 F.3d 1069 (9th Cir. 2013).  Construing the Facebook post this way, the Court must assume that Townsend intended a peaceful nonviolent protest directed against Officer Brockbank and his relatives seeking to convince the State to drop the charges.

Under these assumptions, the criminal charges may have violated Townsend's First Amendment rights.  Townsend's peaceful protest cannot be deemed a "true threat" that could be subject to criminal prosecution.  The defendants respond, however, that his language in the Facebook post was "integral to criminal conduct" because it was crucial to making out a charge under Idaho Code § 18-2604(3).  But this statute criminalizes intimidation by "any manner."  Does that phrase sweep too broadly and violate the First Amendment by including speech falling far short of a true threat?  What is the result when speech "integral to criminal conduct" is found to be speech protected by the First Amendment?

These are hard questions.  While the Court might well be persuaded that Townsend's peaceful protest is protected speech (a decision the Court need not reach here), the issue is whether this right "was clearly established at the time of the incident such that a reasonable officer would have understood his or her conduct to be unlawful in that situation."  *Torres,* 648 F.3d at 1123. Townsend cites no case – or any legal authority – in place at the time of this charge holding that a peaceful protest directed by a criminal defendant against the principal witness in his criminal case is protected speech under the First Amendment.  Having made no showing that the constitutional right he asserts here

was clearly established at the time of the alleged constitutional violation, Townsend

cannot survive a motion for summary judgment based on qualified immunity.  The Court

will therefore grant the defendants' motion in a separate Judgment as required by Rule

58(a).


DATED: January 18, 2017

B. Lynn Winmill
Chief Judge
United States District Court